UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DAVID A. JOYCE, | ) | |
| | ) | |
| Petitioner, | ) | 2:12-cv-01432-JCM-VCF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| ANTHONY SCILLIA, *et. al.*, | ) | |
| | ) | |
| Respondents. | ) | |

David Joyce, a Nevada prisoner, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and has paid the filing fee.  The petition shall be served upon respondents.  However, respondents will not be required to answer the petition at this time, because it appears the petition was submitted outside the applicable limitations period.  The petition is likely subject to dismissal on that basis.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions.  28 U.S.C. § 2244(d).  The one year time limitation runs from the date on which a petitioner's judgment becomes final by conclusion of direct review, or upon the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A). The Ninth Circuit Court of Appeals has held that the "time for seeking direct review" under 28 U.S.C. §2244(d)(1)(A) includes the ninety-day period within which a petitioner who was unsuccessful on direct appeal can file a petition for a writ of certiorari from the United States

1  Supreme Court under Supreme Court Rule 13, whether or not the petitioner actually files such a
2  petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

3  Furthermore, a properly filed petition for state post-conviction relief can toll the period of
4  limitations. 28 U.S.C. § 2244(d)(2). The triggering date for the recommencement of the AEDPA
5  limitations period after post-conviction review is the Nevada Supreme Court's *issuance* of the
6  remittitur, rather than the date it is received in the district court, or filed in the Nevada Supreme
7  Court. *Duncan v. Walker,* 533 U.S. 167, 178, 121 S.Ct. 2120 (2001); *see Gonzales v. State of*
8  *Nevada*, 118 Nev. 590, 53 P.3d 901, 901-03 (2002); *see also Glauner v. State*, 107 Nev. 482, 813
9  P.2d 1001 (1991).

10  According to the habeas petition, petitioner was convicted on September 3, 2008.
11  Petitioner's direct appeal became final on July 30, 2009, when the time for seeking review by the
12  United States Supreme Court expired ninety days after the order of affirmance was entered on May
13  1, 2009. The time period for filing a federal habeas petition was tolled until that date. Petitioner
14  filed a state habeas corpus action on May 28, 2010. He does not state when the petition was decided,
15  but the contents of his first ground for relief makes relatively clear that the petition was dismissed as
16  untimely, when it was not filed by the clerk of court until June 11, 2010. He did not appeal that
17  decision.

18  The United States Supreme Court has determined that a state post-conviction petition that is
19  found to be untimely by the state court is not considered "properly filed," *Pace v. DiGuglielmo,* 544
20  U.S. 408, 417 (2005), and would not, therefore, toll the statute of limitations under 28 U.S.C. §
21  2244(d). *Allen v. Siebert,* 552 U.S. 3, 6, 128 S.Ct. 2, 4 (2007); Evans v. Chavis, 546 U.S. 189, 194,
22  126 S.Ct. 846, 850 (2006); *Lakey v.. Hickman*, 633 F.3d 782, 786 (9th Cir.), *cert*. denied, ––– U.S.
23  –––, 131 S.Ct. 3039, 180 L.Ed.2d 858 (2011); *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir.2010),
24  *cert*. denied, ––– U.S. –––, 131 S.Ct. 3023, 180 L.Ed.2d 844 (2011); *White v. Martel*, 601 F.3d 882,
25  883–84 (9th Cir.), cert. denied, ––– U.S. –––, 131 S.Ct. 332, 178 L.Ed.2d 146 (2010). Thus, the
26

time during which the post-conviction petition was pending would not toll the statute of limitations. The instant federal habeas action was initiated on August 6, 2012. The time between July 30, 2009, and August 6, 2012, exceeds one year. In fact, it is a little over three years. The petition was filed beyond the one-year time limitation contained in the statute.

Petitioner may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his rights and some extraordinary circumstance made it impossible to file a timely petition. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner will be given the opportunity to show that either the instant petition was filed within the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

**IT IS THEREFORE ORDERED** that the clerk shall **file and electronically SERVE** a copy of the petition for writ of habeas corpus (and a copy of this order) upon respondents.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the entry of this order to file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period. If petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period or that he is entitled to equitable tolling of the statute of limitations, the court will enter an order dismissing the petition.

Dated, this 28 day of May, 2013.

_____
UNITED STATES DISTRICT JUDGE