UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID A. JOYCE,

    *Petitioner*,

vs.

ANTHONY SCILLIA, *et al.*,

    *Respondents*.

2:12-cv-01432-JCM-VCF

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the court on a *sua sponte* inquiry into whether the petition is time-barred because it was not filed within the one-year limitation period in 28 U.S.C. § 2244(d)(1). This order follows upon an earlier show-cause order (#2), petitioner's response (#6) thereto presented as a motion, and a response (#9) from respondents.

### *Background*

The papers presented reflect the following.

Petitioner David Joyce challenges his 2008 Nevada state conviction, pursuant to a guilty plea, of burglary and his adjudication as a habitual criminal under Nevada's "small" habitual criminal statute, in No. C242117 in the state district court.[1]

The state supreme court affirmed the conviction in No. 52335 in a May 1, 2009, order of affirmance. The state supreme court issued the remittitur on May 27, 2009.

---

[1] Petitioner was a defendant in multiple criminal proceedings in the state district court at the time. Respondents have filed copies of materials from two proceedings, C242116 and C242117, which provides a broader representation of the procedural history at the time.

1    Joyce filed two *pro se* motions in No. C242117 in the state district court challenging the
2 conviction during the pendency of the direct appeal. On the face of the state court records,
3 Joyce still was represented by counsel in both the state district court and the state supreme
4 court when he sought to pursue relief in proper person.

5    On January 20, 2009, Joyce filed a *pro se* motion to challenge selective and vindictive
6 prosecution. The state district court's minutes for February 3, 2009, reflect that the court
7 ordered the motion denied.[2] On February 19, 2009, Joyce filed a *pro se* motion for new trial.
8 The state district court's minutes for March 5, 2009, reflect that the court ordered the motion
9 denied.[3] No appeal was taken from the denial of the motions, assuming *arguendo* that a
10 denial of each motion would have been appealable. There were no further proceedings on
11 either proper person motion at any other time prior to or after the conclusion of the direct
12 appeal by the issuance of the remittitur on May 27, 2009.

13   On or after May 28, 2010, Joyce mailed a state post-conviction petition to the clerk of
14 the state district court for filing in No. C242117. Petitioner's certificate of service reflects
15 mailing on May 28, 2010, and the envelope is postmarked on June 2, 2010. The clerk
16 received the petition on June 3, 2010, and the clerk filed the petition on June 7, 2010.[4]

17   On July 9, 2010, the state moved to dismiss the petition as untimely.[5]

18   On August 5, 2010, the state district court ordered that the petition be denied based
19 upon the state's response. The state district court issued findings, conclusions and an order
20 denying the petition as untimely on October 28, 2010. The clerk gave formal notice of the

---

[2] #11, Ex. 3, at 17 (electronic docketing page 18).

[3] #11, Ex. 3, at 18 (electronic docketing page 19).

[4] #13, Ex. 97, at electronic docketing pages 2, 13 & 15. One year after May 27, 2009, fell upon Thursday, May 27, 2010. The Memorial Day holiday on Monday, May 31, 2010, had no impact upon the timeliness of any state or federal paper filed by petitioner. The state limitation period, in particular, expired one year from the issuance of the remittitur, on May 27, 2010, and petitioner did not tender the state petition for mailing until after that date. Nevada in any event does not apply a prison mailbox rule to a post-conviction petition as opposed to a notice of appeal.

[5] #13, Ex. 100.

findings, conclusion and order on November 4, 2010. Joyce filed a notice of appeal from the denial of the petition as untimely on November 29, 2010, with a certificate of service reflecting mailing on November 19, 2010.[6]

The state supreme court affirmed the denial of the petition as untimely in a May 11, 2011, order of affirmance in No. 57248. The state supreme court denied a petition for rehearing on July 13, 2011, and the remittitur issued on August 9, 2011.[7]

Approximately one year later, on or about August 6, 2012, petitioner mailed the federal petition in this matter to the clerk of this court for filing.[8]

### *Discussion*

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the court *sua sponte* has raised the question of whether the federal petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

The federal limitation period began running under 28 U.S.C. § 2244(d)(1) as to the conviction in No. C242117 after the ninety-day time period for filing a petition for a writ of *certiorari* expired following the May 1, 2009, affirmance on direct appeal. The ninety-day period expired on Friday, July 30, 2009. Absent tolling or delayed accrual, the federal limitation period therefore expired one year later, on Friday, July 30, 2010.

The federal petition was not mailed for filing until more than two years later, on or about August 6, 2012. The petition therefore is untimely on its face.

Under long-established law, petitioner's untimely state post-conviction petition did not statutorily toll the federal limitation period under 28 U.S.C. § 2244(d)(2). *See Pace v. Diguglielmo*, 544 U.S. 408 (2005).

Petitioner contends that he is entitled to statutory and equitable tolling because "[t]here exist[s] a valid, even injurious conflict of interest, which resulted in ineffective assistance of

---

[6] #11, Ex. 3, at 22 (electronic docketing page 23); #14, Exhs. 112, 114 & 119.

[7] #14, Exhs. 129 & 140.

[8] See #1, at electronic docketing pages 1 & 22.

counsel." He maintains that, because of this alleged conflict of interest, defense counsel did not provide petitioner the "entire discovery" despite numerous requests. Petitioner alleges that, as a result, petitioner never received a copy of the May 27, 2009, remittitur from the direct appeal. He maintains that "[i]n one isolated and rare phone conversation" counsel told him that the remittitur was filed in court on June 4, 2009, and that he had one year to file a petition. Petitioner alleges that counsel's representation amounted to "unwarranted incompetence" and "uncompounded negligence." Petitioner contends that he therefore handed the petition to an officer in his unit on May 28, 2010, "solely on the misadvise of counsel."

Petitioner's argument is directed to an issue that is not before this court, *i.e.,* the untimeliness of his *state* petition. The issue in this case instead is petitioner's failure to timely file his *federal* petition by July 30, 2010, not his failure to timely file his *state* petition by May 27, 2010. The application of the state procedural bar and any exceptions thereto presents a question of Nevada state law, and the state supreme court is the final arbiter of Nevada state law. A federal court cannot and does not review the state supreme court's application of Nevada state law. Moreover, it is established law, with particular respect to statutory tolling of the *federal* limitation period under § 2244(d)(2), that the state high court's determination that the state petition is untimely under state law "is the end of the matter." *See, e.g., Allen v. Siebert*, 552 U.S. 3, 7 (2007); *Evans v. Chavis*, 546 U.S. 189, 194 (2006); *Pace*, 544 U.S. at 413-14; *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011).

Petitioner thus cannot establish a basis for either statutory or equitable tolling of the *federal* limitation period based upon an alleged conflict of interest and/or negligence of his criminal defense counsel allegedly causing him to file his *state* petition on time.

In this regard, the court notes that this case clearly is not one where petitioner had no possible inkling that his state petition was untimely until shortly before the filing of his federal petition. The state filed a motion to dismiss the petition as untimely on July 9, 2010, prior to the expiration of the federal limitation period. The state district court indicated that the petition would be denied on that basis on August 5, 2010, more than two years prior to the putative

-4-

August 6, 2012, constructive filing of the federal petition. Petitioner received the clerk's notice of entry of the findings, conclusions, and order and appealed the order in November 2010, over nineteen months before the putative constructive filing of the federal petition. The state supreme court affirmed the denial of the petition as untimely on May 11, 2011, and denied rehearing on July 13, 2011, with both actions occurring more than a year prior to the putative August 6, 2012, constructive filing date of the federal petition.

Clearly, nothing in the alleged circumstances regarding the untimely filing of the state petition provided a basis for equitable tolling that would render the August 6, 2012, federal petition timely.[9] This conclusion follows even if the court were to engage in the highly dubious *arguendo* assumption that the circumstances relied upon by petitioner could provide a basis for equitable tolling of the federal limitation period prior to the state's motion to dismiss the state petition as untimely.[10] Regardless of whether an alleged unspecified conflict of interest and/or attorney negligence led petitioner to file an untimely state petition, petitioner clearly could not proceed on an assumption that the state petition was timely after the state moved to dismiss the petition as untimely on July 9, 2010.

No extraordinary circumstance stood in the way of petitioner filing a timely federal petition prior to July 30, 2010, much less during the period of more than a year after the state supreme court's denial of rehearing as to the untimely state petition on July 13, 2011.

---

[9] Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

[10] Attorney negligence and/or miscalculation of the running of the limitation period would not provide a basis for equitable tolling of the federal limitation period. *E.g., Spitsyn*, 345 F.3d at 800. Petitioner's conclusory assertion that counsel had an unspecified conflict of interest further would not provide a basis for equitable tolling. Petitioner in any event was on notice that counsel's alleged advice – which concerned the due date of the *state* petition, not the different and later due date for the federal petition – was erroneous after the state's motion. Such alleged erroneous advice could not provide a basis for tolling for years thereafter.

1  Petitioner quite clearly did not act reasonably in waiting for almost a year after the issuance
2  of the August 9, 2011, remittitur after the state courts had held that his state petition was
3  untimely at every step of the way between July 9, 2010, and July 13, 2011.

4  Nor did petitioner pursue his right to seek *federal habeas relief* diligently. Petitioner
5  previously had pursued a direct appeal, and he could have filed a protective federal petition
6  at any time during his litigation of the untimely state post-conviction petition. His failure to
7  seek federal habeas relief during the pendency of the state post-conviction proceedings did
8  not constitute diligent pursuit of federal habeas relief, particularly after receiving multiple
9  adverse state court rulings along the way holding that the state petition was untimely.

10  Further, under established law, petitioner's *pro se* status does not provide a basis for
11  equitable tolling of the federal limitation period. *E.g., Rasberry v. Garcia*, 448 F.3d 1150,
12  1154 (9th Cir. 2006).

13  Petitioner additionally contends that his proper person motions in the state district court
14  in January and February 2009 statutorily tolled the limitation period under § 2244(d)(2).
15  However, these proper person motions were denied while petitioner's state direct appeal still
16  was pending, *i.e.*, before the federal limitation period had begun running. On the showing and
17  arguments made, any *arguendo* statutory tolling based on the pendency of either motion
18  therefore would not render the federal petition timely.[11]

---

[11]The court is not persuaded by respondents' suggestion that the motions could not statutorily toll the federal limitation period under § 2244(d)(2) because the motions did not constitute a state post-conviction petition. Respondents' argument proceeds on the premise that a filing must constitute a state post-conviction petition under Nevada state law for the filing to statutorily toll the federal limitation period under § 2244(d)(2). Respondents' argument overlooks the reference in § 2244(d)(2) to an "application for State post conviction *or other collateral review* with respect to the pertinent judgment." A motion challenging a conviction or sentence constitutes an application for "other collateral review" for purposes of statutory tolling under § 2244(d)(2). *See, e.g, Tillema v. Long*, 253 F.3d 494, 498–02 (9th Cir.2001)(abrogated in part on other issues by later case authority)(pendency of Nevada motion to correct illegal sentence statutorily tolls federal limitation period). However, the salient point, on the showing and arguments made, is that the motions were denied prior to the conclusion of the direct appeal, with no appeal of the denial of the
(continued...)

-6-

Petitioner accordingly has failed to demonstrate in response to the show-cause order that the federal petition should not be dismissed with prejudice as time-barred.

IT THEREFORE IS ORDERED that petitioner's motion (#6) to show cause is DENIED to the extent that petitioner seeks relief therein separate and apart from responding to the show-cause order and that this action shall be DISMISSED with prejudice as untimely.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the district court's dismissal of the federal petition as untimely to be incorrect or debatable, for the reasons discussed herein. *Inter alia*, petitioner's principal argument in response to the show-cause order is directed to his alleged reasons for his failure to file a timely *state* petition prior to May 27, 2010. The state supreme court's holding that the state petition was untimely is the end of the matter both with respect to the untimeliness of the state petition and with respect to the untimely state petition not statutorily tolling the running of the federal limitation period. The circumstances alleged by petitioner did not stand in the way of his filing a timely *federal* petition prior to July 30, 2010, or at any time thereafter prior to his finally filing a federal petition on or about August 6, 2012. Nor did petitioner pursue his rights to *federal habeas relief* diligently by not filing a protective federal petition even after the state moved on July 9, 2010, to dismiss his state petition as untimely.

. . .

. . .

. . .

. . .

---

[11](...continued) motions being pursued. Statutory tolling based on the pendency of the motions in early 2009 thus would have no relevant statutory tolling impact on the running of the federal limitation period in this case on and after July 30, 2009.

The court expresses no opinion as to whether proper person motions filed while the defendant was represented by counsel in both the state district court and state supreme court would be "properly filed" for purposes of § 2244(d)(2). Nor does the court consider whether the motion for new trial was not properly filed because it allegedly was untimely.

1  The clerk shall enter final judgment accordingly, in favor of respondents and against
2  petitioner, dismissing this action with prejudice.
3  DATED:  March 17, 2014.

_____
JAMES C. MAHAN
United States District Judge